## THOMAS v. CENTRAL OF GEORGIA RAILWAY COMPANY.

No. 6971. OCTOBER 5, 1929.

*J. A. Hixon* and *Ellis, Webb & Ellis,* for plaintiffs in error.

*R. L. Maynard* and *H. A. Wilkinson,* contra.

ATKINSON, J. A petition was filed by the Central of Georgia Railway Company against Mrs. Ettie L. Thomas, the Mutual Benefit Life Insurance Company, and the Empire Loan and Trust Company, seeking to enjoin the defendants from proceeding with the collection of an execution by levy on the plaintiff's property. The execution was issued by the clerk of the superior court of Sumter County on an award against the railroad company by assessors who had been previously selected in a proceeding brought by the plaintiff to condemn land owned by Mrs. Ettie L. Thomas in that county, on which land the other two defendants held deeds to secure debts and liens. The judge to whom the petition was presented granted, on October 30, 1928, a temporary restraining order, enjoining the defendants as prayed. The defendants filed general and special demurrers and an answer. The allegations of fact were admitted. On November 10, 1928, the case was submitted to the judge on the pleadings alone, and on December 5 he overruled the demurrers and continued in full force and effect the restraining order. From the petition it appears that the railway company had given notice of its intention to condemn the land in question for railroad purposes. This notice named June 10, 1927, as the date on which the assessors were to meet and appraise the property. On that date the appraiser selected by the plaintiff and the one selected by the defendants and the third appraiser selected by these two met and fixed $2500 as the value of the land sought to be condemned. This award was signed by two of the appraisers, but not by the appraiser appointed by the railway company. Subsequently, but before the award was filed in the office of the clerk of the superior court, the railway company endorsed an order of dismissal upon its notice of condemnation and upon the award, and then filed the papers with the clerk of the superior court. Then the railway company gave another notice that it would condemn anew the same land for the same purpose. The defendants failed and refused to appoint an assessor in connection with this second condemnation proceeding. The railway company made application to the ordinary of the county to appoint an assessor for them; whereupon the defendants obtained from the superior court an order enjoining the railway company from proceeding with the proposed second con-

demnation proceeding for the same land and for the same purpose Upon exceptions filed by the railway company, this court affirmed the judgment of the lower court in continuing the injunction. When the case at bar came on for trial, the demurrers were overruled, and the defendants excepted.

· We are of the opinion that the court should have sustained the general demurrer. The petitioner had instituted a condemnation proceeding. This had been followed by the appointment of assessors, under the provisions of the statute in such cases provided. These assessors had made their award. It may be true that an award by assessors in such cases is not a judgment rendered by a court, but it is a judgment rendered by a tribunal which is competent to fix the rights and liabilities of the parties to the proceedings with reference to the matters and things involved. In the decision of *Central of Georgia Ry. Co.* v. *Thomas,* 167 *Ga.* 110 (144 S. E. 739), in which another phase of this same case was dealt with, the precise question for decision there being whether the condemnor could, after the award, dismiss the proceedings and bring proceedings anew to condemn the same property, it was said: "In one sense, there was in this case at the time of the dismissal possibly no vested right in the landowner in the ordinary sense in which that term is used; and the condemnor, under the various authorities, might abandon the proceedings and give notice of such abandonment to the landowner, and thereby prevent the collection of the amount awarded by the assessors. But in another sense, the landowner did acquire, if not a vested right in the amount of the award or judgment, a right to set up the finding of the award as an estoppel, in the nature of estoppel by judgment, against a second proceeding." The question as to whether or not the landowner, after the award, could enforce the judgment by having an execution issued and levied was not involved in that case; and what was there said, and especially in that part of the decision quoted above, was not a ruling upon the real issue involved in that case, but it was said arguendo and in view of certain outside authorities which seem to support the contention of the condemnor. But, after consideration of the precise question as presented in the present case, we are of the opinion that the landowner, after the finding and judgment by the assessors, had such a right in the award and the judgment that the condemnor could not by its own

act destroy the effect of that award. The effect of our previous holding was that the dismissal of the proceeding by the condemnor could not destroy or wipe out the award that was made; for it was held distinctly that the condemnor would not, after the dismissal, which was subsequent to the award, have the right to reinstitute the condemnation proceeding and have a de novo trial. In other words, under that decision the trial before the assessors was an existing fact, and one that would continue to exist; which meant that the entire proceeding, including the final result, was a fact. The final result was a judgment, and that judgment could be got rid of only by the method provided in the statute, that is, an appeal, upon the trial of which a different result might be reached; and if no appeal was entered, the award or judgment stood.

The right to the exercise, by certain corporations, of eminent domain is a high privilege; which allows them, where they can not purchase the property from the owner, to take it from him under proceedings provided by the statute, upon the payment of the value fixed by a tribunal created by the law. A holding now that the judgment or award in this case could not be enforced by execution, after the dismissal by the condemnor subsequently to the award, would be inconsistent with the decision in the case cited supra, because it would be holding in effect that the dismissal had wiped out the proceeding, yet the land here involved occupied a peculiar position; that is, that while the proceeding to condemn had been wiped out, it could not now be condemned by the same condemnor; that it occupied a peculiar position that other property did not occupy; that it was protected by some kind of a shadow; that the shadow of the condemnation proceeding hovered over it, but that this proceeding did not have sufficient substance to support the judgment which grew out of it and was based upon it. To hold that this award or judgment of the assessors can not be enforced would be in effect to hold that a judgment was obtained in the condemnation proceeding which was binding upon both parties unless appealed from, and yet one of them could wipe it out. To so hold would be to destroy certain essential characteristics of judgments and thereby destroy the full effect of the judgment in question; which should not be done. Therefore the court below erred in overruling the demurrers, and in granting the injunction sought by the defendant in error.

*Judgment reversed. All the Justices concur.*