29641. R. E. JARMAN & SONS INC. *v.* DREW *et al.*

DECIDED JULY 16, 1942. REHEARING DENIED JULY 28, 1942.

*Highsmith & Highsmith,* for plaintiff.

*Blackshear & Blackshear, J. B. Moore,* for defendants.

FELTON, J. R. E. Jarman & Sons sued Mr. and Mrs. M. E. Long, as owners, residents of Appling County, Georgia, and J. R. and Raiford L. Drew, as contractors, residents of Laurens County, Georgia, in the superior court of Appling County to recover on what was alleged to be a joint and several obligation of defendants to pay for material furnished by the plaintiff as materialman, to Drew & Drew, contractors "at the instance and request of the owners, Mr. and Mrs. M. E. Long," which material was used in the erection of a house for Mr. and Mrs. Long by the Drews. The suit was returnable to the October, 1941, term of Appling superior court, and all defendants were served with petition and process. On the call of the appearance docket no answers had been filed by the Drews and the case was marked in default as to them. At the trial term the Drews made a motion to open the default, which, after the introduction of evidence thereon, was granted. Each of the defendants Drew then filed an answer, and J. R. Drew filed general and special demurrers, one ground of which was that the petition showed on its face that there was a misjoinder of causes of action and of parties defendant. The demurrer was overruled. On the trial there was no evidence that the plaintiff furnished material to the contractors "at the instance and request" of Mr. and Mrs. Long. The most it showed as to Mr. and Mrs. Long's liability for the account was that Mr. Long told a representative of the plaintiff company that he had contracted for the erection of a house and wanted plaintiff to get the business. At the conclusion of the evidence the court directed a verdict against Mr. and Mrs. Long and passed an order that since it appeared from the evidence that the court was without jurisdiction as to the defendants Drew they were discharged. The plaintiff excepts to the overruling of its motion to strike the motion to open the default as to the Drews, to the judgment of the court opening the default, and to the order discharging the Drews.

■ It will not be necessary, in arriving at a determination of the one question involved in this case, namely, whether the court had jurisdiction of the defendants Drew, to decide whether the court did or did not err in opening the default judgment, as we have concluded that under the petition and the evidence, if the default was improperly opened, on one hand, and under the evidence, if the default was properly opened, on the other hand, the court did not have jurisdiction of the defendants Drew and there was no error in discharging them in the instant suit. The petition did not set forth a cause of action on which the owners and contractors were jointly liable. There was no joint request for the material, and there was no allegation that it was furnished to all of the defendants jointly. Assuming that the owners' request and the furnishing of the material to the contractors gave rise to an implied promise on the part of the owners to pay therefor, and assuming that the receipt of the material raised an implied promise to pay therefor by the contractors, there are no circumstances or facts alleged which make joint implied promises to pay. So, if the Drews were in default they would have had the right to move to dismiss the action as to them at any time before the verdict. *Thigpen* v. *Bituminous Casualty Corporation,* 67 *Ga. App.* 367 (20 S. E. 2d, 213), and cit. Furthermore, where "it is apparent from the face of the record that the court is without jurisdiction to render judgment against the non-resident defendants . . a judgment so rendered, though by default, is absolutely void." *Rhodes* v. *Southern Flour & Grain Co.,* 45 *Ga. App.* 13 (3) (163 S. E. 237). The judgment in this case discharging the Drews was tantamount to dismissing the action as to them, was correct, and will not be set aside.

■ If the default was properly opened the judgment discharging the Drews was correct. The overruling of the demurrer to the petition adjudicated that the petition alleged a joint and several obligation of the defendants, but the evidence failed to measure up even to such allegations as the petition contained. There was no evidence that there was any statement or act on the part of the owners which would give rise to an implied promise to pay for the materials. In fact it showed the mere expression of a desire that the plaintiffs get the business, and excluded premises on which an obligation to pay could be founded. The filing of pleadings in

a case of this kind without reservation to attack the jurisdiction of the court does not preclude the raising of such a question at any time during the trial. It can be raised at the moment the evidence shows lack of jurisdiction of the non-resident. Such a question does not have to be raised at the first term as in cases where the jurisdiction of the non-resident does not depend on the merits of the case. *Central Railway Co.* v. *Brown,* 113 *Ga.* 414 (3) (38 S. E. 989, 84 Am. St. R. 250) ;. *Hamilton* v. *DuPre,* 111 *Ga.* 819 (35 S. E. 684).

There was no error in discharging the non-resident defendants. *Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*