The pendency of a former action upon which no legal judgment could be rendered against a party cannot be pleaded in abatement of another action against him.
 DECIDED FEBRUARY 2, 1944.
The Truscon Steel Company, as transferee, sued Ben H. Dobson on an open account. Dobson filed a plea in abatement alleging that the plaintiff had a suit against him in the superior court of Gordon County based on the same cause of action. A copy of the Gordon County suit was attached to the plea in abatement. The Gordon County suit was originally against the trustees of Sugar Valley Consolidated School District. It alleged that the defendants were liable to the plaintiff on open account as shown by the exhibit attached; that on a day named the defendants in their official capacities entered into a building and repair contract with Ben F. Dobson, a public contractor, to build a teacher's home and repair the school building in their school district; that the plaintiff furnished the contractor with materials named and that he used *Page 575 
them in said buildings; that the contractor was insolvent; that the plaintiff had demanded payment of the sums due of the contractor and he had refused and failed to pay them; that the defendants did not take from the contractor the bond required by law, and that the defendants were liable to the plaintiff in the sums claimed by reason of their failure to take said bond. The plaintiff filed an amendment to the action in Gordon superior court alleging that Ben H. Dobson was the correct name of the contractor; that he was a resident of Floyd County, Georgia, and prayed that Dobson be made a party to the case and served with a copy of the original petition and the amendment, and also with process. The amendment was allowed, and the court ordered that Dobson be made a party and that second original and process issue, and that the second original include the amendment. Dobson amended his plea in abatement filed in Floyd superior court alleging that he filed a demurrer to the suit in Gordon superior court on the ground that the order making him a party was granted without any notice to him and was therefore null and void, and that the court sustained the demurrer and adjudged that the order making Dobson a party to the suit was null and void, and that the judgment was not appealed from. The plea in abatement as amended was stricken, and the defendant excepted pendente lite. The exception here is to the final judgment and the order striking the plea in abatement. The general grounds of the motion for a new trial are not argued or insisted upon.
The pendency of a former suit for the same cause of action shall not abate the action if the first action is so defective that no recovery can possibly be had. Code, § 3-607. Here the first action was fatally defective. The cause of action was not joint. The superior court of Gordon County had no jurisdiction of an action on account against the defendant, and a judgment against him would have been void. R. E. Jarman Sons
v. Drew, 67 Ga. App. 850 (21 S.E.2d 444). Therefore the pendency of the action in the superior court of that county could not be pleaded in abatement of the action in Floyd County. The court did not err in striking the plea in abatement, and in overruling the motion for a new trial.
Judgment affirmed. Sutton, P. J., and Parker, J. concur. *Page 576