WILLIAMS *et al. v.* RAGSDALE, Chairman, etc., *et al.; et vice versa.*

Nos. 16617, 16673.　May 11, 1949.

*Boykin & Boykin, Robert D. Tisinger,* and *W. L. Denton,* for plaintiffs.

*Hutchens & Foster, Spalding, Sibley, Troutman & Kelley,* and *C. B. McGarity,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ Section 20 of the act approved February 1, 1946 (Ga. L. 1946, p. 206), provides: "The county board of education of each county shall succeed to and be vested with all of the rights, powers and duties formerly vested in the local or consolidated school district trustees with respect to the building and equipping of schoolhouses in the county."

Accordingly, the trial court did not err in sustaining the defendants' special grounds of demurrer and in striking the allegations and the prayers of the petition which were based on the insistence that the individual members of the board of education, together with the defendant, Johnson-Lane-Space Company Inc., were personally liable, and that the local trustees were entitled to have the funds in question delivered to them for the purpose of building a schoolhouse.

■ The amendment to the petition, the striking of which is complained of, alleged that the acts of the General Assembly of 1946 and 1947 were retroactive in character and violative of stated provisions of the State and Federal Constitutions.

A statute is presumed to be valid and constitutional until the contrary appears, and where challenged as a whole, the attack will necessarily fail unless the statute is invalid in every part for some reason alleged. *Stegall* v. *Southwest Georgia Housing Authority,* 197 *Ga.* 571, 584 (30 S. E. 2d, 196) ; *Krasner* v. *Rutledge,* 204 *Ga.* 380, 383 (49 S. E. 2d, 864).

The act approved February 1, 1946 (Ga. L. 1946, p. 206), as amended by the act approved March 27, 1947 (Ga. L. 1947, p. 1186), which statute is attacked as a whole, confers broad powers upon county boards of education. A reading of the statute discloses that many provisions contained therein could not possibly be subject to the above criticism. Therefore, it not appearing that the statute was invalid in every part for some reason alleged, the trial court did not err in sustaining the defendants' special demurrer and in striking the amendment to the petition.

■ The first, third, fourth, and fifth special grounds of the motion for new trial complain that the court erred in refusing to hold that the petitioners were entitled to have the money from the sale of the bonds turned over to the local school trustees for the purpose of building and equipping a schoolhouse, and in refusing to grant an order restoring the status of the bond money.

The contention that the local trustees are entitled to recover the bond money is controlled adversely to the petitioners by the ruling announced in the first division of this opinion.

The act approved March 27, 1947 (Ga. L. 1947, p. 1173; Code, Ann. Supp., § 87-701a), provides: "The proceeds of any bonds issued by any county, municipality, school district or other political subdivision of this State, or any portion thereof, may from time to time be invested and reinvested by the governing authorities of such county, municipality, school district or political subdivision in the bonds of such county, municipality, school district or other political subdivison, or in the bonds or obligations of the State of Georgia, or of other counties, municipalities and political subdivisions of Georgia or in the bonds or other obligations of the United States or of subsidiary corporations of the Federal Government fully guaranteed by such government, and no other. Such governing authorities so authorized to invest such funds are authorized, in their discretion, to purchase such securities as an investment at either a premium or a discount and to sell such securities at such time and for such price as such governing authorities may deem advisable."

Under the above act, the county board of education did not abuse its discretion in determining that it would be impossible to build a schoolhouse with the amount of bond money on hand,

and in therefore using the money to buy the bonds, which have not been canceled but are being held by the First National Bank of Dallas, an agent of the county board of education.

The second, sixth, and seventh special grounds complain that the court erred in refusing to require the county board of education to proceed immediately to use the funds for the purpose for which said bonds were voted, and in refusing to grant full and complete relief in equity.

In *Pass* v. *Pickens*, 204 *Ga.* 629 (51 S. E. 2d, 405), this court said: "The legislature of this State realized that the functioning and accomplishments of the county boards of education would necessitate the exercise of wide powers of discretion, and to this end such discretion has by law been vested in the county boards of education."

Applying the above principle to the pleadings and evidence in the present case, the court did not err in refusing to require the county board of education to proceed immediately to use the funds for the purpose for which said bonds were voted.

The evidence was sufficient to authorize the judgment complained of, and the court did not err in overruling the petitioners' motion for new trial as amended.

■ The judgment by the court without the intervention of a jury was rendered on November 1, 1948, and the petitioners filed a bill of exceptions, based on the refusal to grant a new trial, which was served on the defendants on February 16, 1949. The defendants, having to a large extent won their case, did not file any exceptions pendente lite or make a motion for a new trial. In such circumstances a cross-bill of exceptions filed by the defendants on March 8, 1949, assigning error on the portion of the judgment of November 1, 1948, which enjoined the board of education from using the money derived from the sale of the bonds for any other purpose than building a schoolhouse, though filed within 20 days from the date of service of the main bill of exceptions, presents no question for decision. This is true for the reason that one who files a cross-bill of exceptions is not relieved from the requirements, as to proper and timely exceptions pendente lite, which would have been imposed upon him if he had been the plaintiff in error in a main bill of exceptions. See, in this connection, Code, Ann. Supp., §§ 6-902, 6-904; *A. C.*

280

*Alexander Lumber Co.* v. *Bagley*, 184 *Ga.* 352 (2) 365 (191 S. E. 446); *Jeanes* v. *William Prescott Turpentine Co.*, 185 *Ga.* 91 (1) (194 S. E. 746); *Andrews* v. *Sanders*, 186 *Ga.* 269 (2) 275 (197 S. E. 639); *Good* v. *Good*, 205 *Ga.* 112 (2) (52 S. E. 2d, 610).

*Judgment affirmed on both the main and cross-bills of exceptions. All the Justices concur, except Head, J., disqualified.*