37841.   TOWLER *v.* STATE HIGHWAY DEPARTMENT.

QUILLIAN, Judge.   1.   The principal question for decision is whether the condemnor can, as was attempted in the case sub judice, dismiss its appeal and entire proceeding instituted under power of eminent domain, after the appraisers have returned their appraisal awarding the condemnee just compensation for his property, and in that manner avoid liability for the amount awarded the condemnee?   The epochal case of *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (103 S. E. 2d 108) holds that the time of "taking" in cases where the right of eminent domain is exercised is when the condemnor interferes with any substantial "elemental right growing out of ownership" of the property taken.   Under the holding in the *Wood-*

*side* case there is no doubt that the condemnor could not, after the award of the appraisers was filed, dismiss the condemnation proceedings. This opinion is in accord with *Thomas* v. *Central of Ga. Ry. Co.*, 169 *Ga.* 269 (149 S. E. 884), and the view is expressed by Justice Head in his special concurrence in the *Woodside* case that what is held here is not inconsistent with the case of *Georgia Ry. &c. Co.* v. *Mooney*, 147 *Ga.* 212 (93 S. E. 206) where there was no attempt on the part of the condemnor to actually "take" any property, but only to establish an easement over the condemnee's lands. Moreover, the *Mooney* case was considered by the Supreme Court, as is apparent from Justice Head's special concurrence in passing upon *Woodside* v. *City of Atlanta*, 214 *Ga.* 75, supra, and this court is bound by the conclusion of the Supreme Court, that the *Mooney* case is not precedent for a view contrary to that held in the *Woodside* case, supra.

2. The condemnee was under the provisions of Code § 36-604 entitled, when the appeal in the case at bar was dismissed, to file the award of the appraisers in the clerk of the superior court's office and have an execution issued on it.

3. The filing of a suit independently of the condemnation proceedings and subsequently to the award of the appraisers, in which latter case the condemnee sought to obtain a general judgment for damages, did not affect the right of the condemnee to proceed to have an execution issued on the award in the manner prescribed by Code § 36-604. The award could, according to Code § 3-607, have been pleaded to the subsequent damage suit, since the obtaining of the valid award of the appraisers, which award was in the nature of a judgment, prevented a further suit on the same cause of action, except such proceeding as was necessary to enforce the award. The award and the proceedings to enforce it were exhaustive of the condemnee's rights in the premises, and no legal judgment could have been rendered in the same. In this connection see *Dobson* v. *Truscon Steel Company*, 70 *Ga. App.* 574 (28 S. E. 2d 870).

*Judgment reversed. Nichols, J., concurs. Felton, C. J., concurs specially.*

DECIDED SEPTEMBER 28, 1959—REHEARING DENIED
OCTOBER 8, 1959.

376

*Allison, Pittard & Webb, Chas. C. Pittard, Jones Webb,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Dudley Hancock,* contra.

FELTON, Chief Judge, concurring specially. I am bound by the decisions of this court holding that payment or tender of the amount fixed by the appraisers is prerequisite to a valid appeal. In this case it is inferentially admitted by the Highway Department that no tender was made. It follows that since no valid appeal existed the entire proceeding could not be dismissed under *Georgia Ry. &c. Co.* v. *Mooney,* 147 *Ga.* 212 (93 S. E. 206). This case does not throw any light whatever on the question involved in the *Woodside* case or the instant case. In the *Mooney* case the condemnee also filed an appeal and it was pending when the condemnor dismissed the entire proceeding.