## 47730. TAYLOR v. GEORGIA POWER COMPANY.

QUILLIAN, Judge. Georgia Power Company (hereinafter referred to as the condemnor) gave Ivan E. Taylor (condemnee) notice of the condemnation of an easement or right of way across the condemnee's property. With the consent of this condemnee and all other condemnees named in the original notice of condemnation, the condemnor filed an amendment to the original notice. The matter was then considered by assessors who returned an award in the amount of $51,010. The condemnor paid this amount into court and then entered an appeal of the award to the Spalding Superior Court for jury trial. The amount involved was then duly paid to the condemnee.

A pre-trial conference was had and a pre-trial order issued thereon. In accordance with the reservation made in the pre-trial order, the condemnor filed a second amendment to the petition. Condemnee filed a motion to strike the second amendment and in the alternative moved for continuance of the trial. The trial judge overruled the motion to strike and appeal was taken from that order.

The condemnee contends that the failure to strike the amendment was error because the amendment constituted a substantial change in the nature and character of the right sought to be condemned.

The original paragraph of the notice of condemnation set forth in

great detail the right of the condemnor to construct poles, wires and fixtures on the property condemned and the right to remove obstructions and keep the right of way clear. The amendment added to this same paragraph was as follows: " . . . provided further, however, the petitioner, Georgia Power Company, shall, at its sole expense, remove and relocate on said right of way easement (strip) herein involved any pole, structures or other facility, one or more, placed thereon by the petitioner, the removal of which is made necessary in order for there to be constructed, operated and maintained a railroad spur or side track across said right of way, and the petitioner shall likewise, at its sole expense, raise or elevate any wire, conductor or other facility, one or more, placed on said right of way by the petitioner, the raising or elevation of which is made necessary to construct, operate and maintain a railroad spur or side track." *Held:*

It is true that the condemning authority cannot abandon a condemnation proceeding. *Housing Authority of the City of Atlanta v. Mercer,* 123 Ga. App. 38 (179 SE2d 275); *Towler v. State Hwy. Dept.,* 100 Ga. App. 374 (111 SE2d 154); *Harrison v. State Hwy. Dept.,* 183 Ga. 290 (188 SE 445); *Marist Society of Ga. v. City of Atlanta,* 212 Ga. 115 (90 SE2d 564). Nevertheless, Georgia has a very liberal policy with regard to amendments. Civil Practice Act Section 15 (Code Ann. § 81A-115; Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). See also old Code Ch. 81-13. This has also been true with regard to condemnation proceedings. *Faulkner v. State,* 101 Ga. App. 889 (115 SE2d 393); *Savannah, F. & W. R. Co. v. Postal Telegraph-Cable Co.,* 115 Ga. 554 (42 SE 1). As stated in 27 AmJur2d 277, Eminent Domain, § 398: "Eminent domain proceedings can be amended at the instance of the condemnor so long as there is no prejudice to any substantial rights of the property owners. The complaint or petition may be amended in formal matters and to rectify substantial errors and omissions. It may ordinarily be amended by adding necessary parties, altering the location of the improvement, correcting or changing the description of the property being condemned, reducing the quantity thereof, and alleging that the work will be for a public purpose. But according to the generally prevailing view, an amendment cannot be allowed to take in different and additional lands after assessment of the compensation, if it substantially affects the owner's rights."

Thus, an amendment is perfectly proper where its allowance does not adversely and substantially affect the condemnee's rights. As held in *Leach v. Ga. Power Co.,* 228 Ga. 16 (2) (183 SE2d 755): "The

condemnor's petition was amendable for the purpose of making more definite the description of the right of way sought to be condemned and the proposed use to which it would be put."

In this case the effect of the amendment was to limit the condemnor's use of the land condemned. It did not amount to an abandonment nor to a substantial change as would require that such an amendment be stricken.

Condemnee urges that under authority of *Woodside v. City of Atlanta,* 214 Ga. 75 (103 SE2d 108), a "taking" of the property has already occurred and that the condemnor is already vested with title. Hence, it is argued that no changes can be made by amendment. We cannot agree with this contention.

In *Woodside v. City of Atlanta,* 214 Ga. 75, 85, supra, the Supreme Court held that a taking results from the filing of the award in the office of the clerk of the superior court for purposes of payment under the Constitutional provision. Art. I, Sec. III, Par. I of the Georgia Constitution (Code Ann. § 2-301). This does not mean that the parties' rights are therefore immutably fixed, for otherwise there would be no basis for appeal under the statute. Code § 36-601. Code § 36-606 provides: "Upon the payment, by the corporation or person seeking to condemn, of the amount of the award, and *final judgment on appeal,* such corporation or person *shall become vested* with such interest in the property taken as may be necessary to enable the corporation or person taking to exercise its franchise or conduct its business." (Emphasis supplied.) The *Woodside* decision did not absolutely or unequivocally equate "taking" with "vesting," but in any case should not be construed to prevent an amendment which does not substantially change the character of the taking. Thus, until final judgment, there is no impediment to the amendment in question.

The trial judge did not err in overruling the condemnee's motion to dismiss the condemnor's amendment to the original petition.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED JANUARY 2, 1973 — DECIDED APRIL 13, 1973 — REHEARING DENIED MAY 14, 1973 — ■

*Seay & Sims, Marshall R. Sims,* for appellant.

*Beck, Goddard, Owen, Squires & Murray, Samuel A. Murray, J. C. Owen, Jr.,* for appellee.