## 36103. EXUM v. CITY OF VALDOSTA et al.

JORDAN, Presiding Justice.

On March 26, 1979, James Exum filed a complaint in the Superior Court of Lowndes County against the City of Valdosta seeking an injunction against the City's violation of a 1973 ordinance and a writ of mandamus compelling the City to perform its duty under said ordinance.

Following the filing of its answer, the City moved for summary judgment against the entirety of Mr. Exum's complaint on the ground that Exum's suit for injunction and mandamus was barred by his failure to exhaust administrative remedies.

The trial court granted the City's motion for summary judgment and Exum filed a notice of appeal. When, subsequently, the City filed a motion to dismiss Exum's appeal for the latter's failure to pay the costs in the trial court, the trial court heard evidence and found as fact that Exum's attorney had received the bill of court costs by registered mail on October 15, 1979, and had paid the bill on November 13, 1979.

Code Ann. § 6-809 (b) contains the following proviso: "provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs."

The trial court interpreted the proviso's parenthetical as excluding from computation only those Saturdays, Sundays, and legal holidays upon which the 20th day would otherwise fall. Accordingly, the trial court dismissed Exum's appeal on the grounds that his November 13 payment was untimely (Nov. 5 being the 20th day) and that the untimeliness was unreasonable, inexcusable, and caused solely by Exum. See Code Ann. § 6-809 (b).

Exum appeals both the trial court's grant of summary judgment and the trial court's dismissal of his appeal from said grant. While we reverse the trial court's dismissal of Exum's appeal, we affirm the

original grant of summary judgment.

1. Exum argues that the proviso's parenthetical excludes from computation all Saturdays, Sundays, and legal holidays following the commencement of the twenty-day time period, and that, consequently, the trial court erred in holding that his November 13, 1979 payment was untimely. (It is undisputed that if all Saturdays, Sundays, and legal holidays following the commencement of the twenty-day time period are excluded, the November 13, 1979 payment was in fact timely, November 13 being the 20th day.)

Code Ann. § 102-102 (8) provides that "When a number of days is prescribed for the ... discharge of any duty, ... if the last day shall fall on Saturday or Sunday, the party having such ... duty shall have through the following Monday to ... discharge such duty. When the last day prescribed for such action shall fall on a public or legal holiday, ... the party having such ... duty shall have through the following day ... to discharge such duty; however, when said following day shall be a Saturday or Sunday, the party shall have through the following Monday to ... discharge such duty."

Thus, the trial court interpreted the proviso in Code Ann. § 6-809 (b) exactly as it would have been interpreted under Code Ann. § 102-102 (8) had it not contained its parenthetical, thereby rendering said parenthetical superfluous.

That construction which will uphold a statute in whole and in every part is to be preferred. Additionally, "the ordinary signification shall apply to all words, except words of art, or words connected with a particular trade or subject matter ..." Code Ann. § 102-102 (1).

Accordingly, we hold that the proviso's parenthetical excludes from computation all Saturdays, Sundays and legal holidays following the commencement of the twenty-day time period and that the trial court erred in holding Exum's November 13 payment untimely. Compare Code Ann. § 81A-106 (a).

The trial court's dismissal of Exum's appeal was error.

2. The City of Valdosta, by the enactment of a 1973 ordinance, established a four-step formal grievance procedure to consider "any matter concerning an employee's status or conditions of employment."

The undisputed evidence establishes that neither Exum nor any other employee of the City of Valdosta Fire Department had filed a formal grievance with the department head of the fire department which filing constitutes the third step in the four-step formal grievance procedure.

There being no genuine dispute as to the material fact of non-exhaustion of the administrative grievance procedure established

by the 1973 City Ordinance, we hold that the City's grant of summary judgment against the entirety of Exum's complaint was proper. *Irvin v. Jenkins,* 233 Ga. 16 (209 SE2d 610) (1974); *Murphy v. Dominy,* 211 Ga. 70, 73 (84 SE2d 193) (1954).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED MARCH 28, 1980 — DECIDED JULY 16, 1980.

*Fletcher Farrington,* for appellant.
*George T. Talley,* for appellees.