### 72193. MAPP v. DRAKE et al.

(344 SE2d 682)

DEEN, Presiding Judge.

Helene Mapp, individually and as natural guardian of Marquette Mapp, brought suit against Ann J. Drake, Raymond Williams, and the Atlanta Board of Education for injuries allegedly sustained by Marquette Mapp when hot water spilled from an electric pot owned by Ann Drake, his fifth-grade teacher, and scalded his neck and back. The pot had been purchased by Ms. Drake and brought into the classroom in order to have hot water available when it was needed for different purposes. Ms. Drake teaches science, among other subjects, to her fifth-grade class and had used the pot to heat water for scientific experiments. She also used it on occasion to heat water for making coffee. Other teachers borrowed the pot for various purposes. When she was finished using the pot, Ms. Drake always emptied the water from it before storing it in a cabinet at the back of the classroom, which she locked. On the day of Marquette's accident, another teacher borrowed the pot and returned it to the shelf at the back of the room. The pot was apparently plugged in by a student. When Ms. Drake noticed that it was plugged in, she proceeded towards the back

of the room, but her attention was diverted by a teacher who appeared at her classroom door and wished to speak to her. Marquette was injured when he pulled the pot off the shelf and the contents spilled onto him.

Mapp brings this appeal from the grant of summary judgment in favor of the defendants, contending that the court below erred in holding that her damage claims against Ms. Drake are barred by the doctrine of sovereign immunity. *Held*:

The doctrine of sovereign immunity in Georgia has constitutional status and applies to any injury or damage suit against the state and its counties unless it has been expressly waived by Act of the General Assembly. *Echols v. DeKalb County*, 146 Ga. App. 560 (247 SE2d 114) (1978). Appellant does not contest the dismissal of the Board of Education or the school principal from her lawsuit, but contends that the doctrine does not extend to Ms. Drake because she was sued in her individual capacity as agent for the Atlanta Board of Education, and that she was acting outside the scope of her authority and her employment. From our examination of the record, however, there is nothing to indicate that Ms. Drake was sued in her individual capacity or that she was alleged to be acting outside the scope of her authority or outside the scope of her employment. The complaint makes no statement to the effect that she is being sued in her individual capacity. It alleges that she was employed by the Atlanta School Board as a teacher and that "[t]he gross negligence of defendant Drake is imputed to her employer." Ms. Drake moved to dismiss and, in the alternative, for judgment of the pleadings. The trial court, after notice to the parties, converted the motion into a motion for summary judgment and ruled that Drake was entitled to summary judgment. The court had earlier ruled that the Atlanta Board of Education was protected by the doctrine of sovereign immunity, but no mention of the doctrine was made in its ruling upon Ms. Drake's motion. Now, for the first time on appeal, Mapp expands her allegations to contend that Ms. Drake was sued in her individual capacity and was acting outside the scope of her employment. Issues not raised in the court below may not be raised for the first time on appeal. *Cohran v. Carlin*, 254 Ga. 580, 584 (331 SE2d 523) (1985); *Hammond v. Paul*, 249 Ga. 241 (290 SE2d 54) (1982). As appellant's sole contention is that the court erred in holding that Ms. Drake was protected by the doctrine of sovereign immunity, we find no error.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 24, 1986 —

*Joyce M. Averils, Donald M. Coleman*, for appellant.
*Bruce H. Beerman, Allie S. Edwards*, for appellees.