A89A0551. HOSPITAL AUTHORITY OF FULTON COUNTY
v. McDANIEL.
(385 SE2d 8)

Pope, Judge.

This medical malpractice case was filed originally in March 1985. In June 1988, the original action was dismissed without prejudice for failure of counsel for plaintiffs, the McDaniels, to appear at a peremptory calendar call. Within the six-month period allowed by OCGA § 9-2-61, the McDaniels refiled the action. The renewed complaint specifically incorporated the discovery taken in the previously dismissed action, including the deposition of the McDaniels' expert, David H. Sherman, M.D. However, the McDaniels failed to attach the required affidavit pursuant to OCGA § 9-11-9.1 to the renewed complaint. Defendant/Appellant Northside moved to dismiss the renewed complaint for failure to file the required affidavit. The McDaniels then amended their complaint to include the affidavit of Dr. Sherman. The trial court denied Northside's motion and this interlocutory appeal followed. *Held*:

We find that this case is controlled by the holding in *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989). In *Nease*, the Supreme Court held that failure to file the affidavit required in a medical malpractice case is an amendable defect curable under Rule 15 (a) of the Civil Practice Act in a case in which the action is renewed and the plaintiff fails to attach an affidavit that had been obtained in the previous suit. "Under the statute, failure to obtain the affidavit might be a fatal defect. Failure to file it with the complaint is an amendable defect because 'Is not the chief object of amendment the correction of mistakes?' [Cit.]" *Nease* at 155.

The situation in the present case is similar. As in *Nease*, the plaintiffs in this case withstood a motion for summary judgment in the previously filed action. The testimony of the expert in the original action in *Nease* was in the form of an affidavit; in the present case, the expert's testimony was in the form of a deposition. By incorporating the discovery from the original action in the complaint for the renewed action, the McDaniels complied with the spirit, if not the letter, of OCGA § 9-11-9.1. The purpose of the Code requirement is to ensure a substantial basis for actions against professionals. Clearly, such a basis existed in the present case, and the trial court properly allowed the amendment.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

Decided July 6, 1989 —
Rehearing denied July 19, 1989 — 

Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Ronald R. Coleman, Jr., for appellant.

Shuford & Associates, E. Graydon Shuford, Allen & Ballard, Hunter S. Allen, Jr., for appellee.