## A89A0962. GRANT v. JONES et al.
### (384 SE2d 434)

SOGNIER, Judge.

Eugene Grant, Jr. brought suit against Thomas Jones, Sheriff of Glynn County, and Randall Garner, a county detention center officer, for damages allegedly incurred when the officials compelled Grant to wear prison clothing to his arraignment hearing. The parties filed cross-motions for summary judgment, and the trial court granted the defendants' motion and denied Grant's motion, whereupon Grant filed this appeal.

The record reveals that appellant was arraigned in Glynn County on March 3, 1987. Although the parties dispute the exact makeup of appellant's clothing, they agree that he was wearing clothes issued by the Glynn County Jail during the proceeding. Appellant makes no objection to the clothing he wore when he was tried before a jury empanelled on March 16, 1987, which found him guilty of certain criminal charges on March 19th. The assistant district attorney who prosecuted appellant testified by affidavit that the jury for appellant's trial was not selected from the prospective jurors who were present in the courthouse on the day of appellant's arraignment.

While Georgia courts have long recognized the right of a criminal defendant to appear at *trial* in civilian clothes rather than in prison garb, see, e.g., *Krist v. State*, 133 Ga. App. 197 (1) (210 SE2d 381) (1974), that right has never been extended to a pretrial proceeding conducted by the trial judge with no jurors present, and we decline to do so now. The State has rebutted appellant's allegation that the jurors on his panel were in the courthouse during his arraignment, and thus there was no threat to appellant's right to be presumed innocent. See *Pike v. State*, 169 Ga. App. 358, 359 (312 SE2d 808) (1983), rev'd on other grounds, 253 Ga. 304 (320 SE2d 355) (1984). *Starr v. State*, 209 Ga. 258 (71 SE2d 654) (1952), cited by appellant, is inapposite because in that case the defendant had been manacled during trial. Also, to the extent that *Starr* can be construed to apply to arraignment proceedings, that portion of the decision was based upon a version of former Ga. Code Ann. § 27-1401 which was wholly superseded by Ga. Laws 1966, p. 431, § 2.

Appellant also contends that the trial court improperly construed his complaint to exclude certain other claims which he now urges this court to consider. However, the record discloses that appellant did not present these arguments to the trial court, and "[i]ssues not raised in the court below may not be raised for the first time on appeal. [Cits.]" *Mapp v. Drake*, 178 Ga. App. 830, 831 (344 SE2d 682) (1986). Accordingly, we find no error in the grant of summary judgment to appellees. See generally id. For the same reasons, we find the trial court did not err by denying appellant's motion for summary

judgment, as appellant clearly was not entitled to judgment as a matter of law.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 10, 1989.

Eugene Grant, *pro se.*

*Dickey, Whelchel, Brown & Readdick, David C. Will,* for appellees.