A90A2323, A90A2324. PORTER v. FOOD GIANT, INC.; and vice versa.
(402 SE2d 766)

ANDREWS, Judge.

This appeal arises from the action of Food Giant, Inc. (appellee in Case No. A90A2323 and cross-appellant in Case No. A90A2324), in denying the retirement benefits application of William C. Porter (appellant in Case No. A90A2323 and cross-appellee in Case No. A90A2324). On appeal Porter enumerates as error the award by the Superior Court of DeKalb County, in its order of July 17, 1990,[1] of

---

[1] The order dismissed Counts 1 and 2 of Porter's amended complaint, alleging breach of contract and vicarious liability on Food Giant's part; and also those portions of counts 6 and

summary judgment to Food Giant on the basis that Porter's contract and tort claims are preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 USC § 1001 et seq. ("ERISA"). Food Giant enumerates as error the trial court's denial of summary judgment on Porter's claims under the company's pension plans and ERISA, 29 USC § 1132 (a) (1) (B).

1. Beginning October 10, 1957, appellant Porter was employed by the predecessor of Food Giant, Inc., Alterman Bros., Inc., in several positions in Alterman Bros.' food retailing business. In July 1970 he voluntarily left Alterman Bros. and shortly thereafter went to work for McCormick Spice Co. In early 1973 he was contacted by Sam Alterman, president of Alterman Bros., regarding the possibility of Porter's rejoining the firm as manager of one of the company's retail stores. Upon Sam Alterman's request, Porter went to the firm's headquarters, where he conferred with Max Alterman, vice-president of the firm, who also served as director of retail store operations and secretary of the firm's retirement program. According to Porter's testimony (subsequently confirmed by Max Alterman in an October 1984 letter to Food Giant's Insurance Director, and also in an affidavit, as well as in his answer to the original complaint), Porter agreed to return to Alterman Bros. on the express condition that his seniority rights be reinstated as if there had been no break in service, with the sole exception that his vacation time would not exceed that granted new employees. Both Porter and Alterman stated that Alterman had requested, during their discussion of these terms of Porter's re-employment, that Porter not mention to fellow employees the restoration of his seniority.

According to the record, Porter immediately tendered his resignation to McCormick and reported for work with Alterman Bros. that same week, on February 15, 1973. In October 1982 he decided once more to leave Alterman Bros. and did so. He subsequently applied for pension benefits based on service of approximately 22-½ years. The insurance director of Food Giant, which had acquired Alterman Bros. in the interim, informed him that he was not vested for a pension under either of the company's successive pension plans (1967, 1976). The company subsequently alleged that Porter was also ineligible for retirement benefits under the terms of ERISA, which, it was alleged, had preempted the field.

The Code section on which this case must ultimately turn is 29 USC § 1144 (b) (1), which provides: "This section shall not apply with respect to any cause of action which arose, or any act or omission

---

7 which sought attorney fees and exemplary damages for bad faith and aggravating conduct by Food Giant. This order was clarified nunc pro tunc in an order entered August 30, 1990.

which occurred, before January 1, 1975." In the instant case plaintiff's cause of action — Food Giant's denial of his application for retirement benefits — indisputably accrued after January 1, 1975, and would therefore not come under the "cause of action" exception to ERISA preemption. Porter contends, however, that the "act or omission" exception does apply to his case, thereby eliminating ERISA, inasmuch as "the substantial conduct [i.e., the 1973 rehiring of Porter and the representations made] forming the basis of the cause of action occurred before January 1, 1975." *Wayte v. Rollins, Intl.*, 215 Cal. Rptr. 59 (169 Cal. App. 3d 1) (1985), summarizing the Ninth Circuit decisions which the *Wayte* court believed to embody the most reasonable and desirable interpretation of the "acts or omissions" clause.

The federal circuits are divided almost evenly as to the intent and effect of this clause,[2] certain ones of them (e.g., the Fifth Circuit in the 1981 case of *Woodfork v. Marine Cooks &c. Union*, 642 F2d 966) holding "act or omission" to be duplicative of, or identical with, "cause of action"; while other circuits consider it to be not mere surplusage (as the reading of Fifth Circuit and its colleagues mandates) but an entirely separate category comprising the pre-preemption conduct of which the subsequent (or post-preemption) accrual of the cause of action is "merely the inevitable consequence." *Menhorn v. Firestone Tire &c. Co.*, 738 F2d 1496, 1502 (9th Cir. 1984). Food Giant, of course, urges the validity of the former (indeed, this is the entire thrust of the successful motion for summary judgment); Porter argues that the cases in the latter category embody the proper interpretation of the "acts or omissions" language and advance the dual intent of the legislation itself, i.e., not only to provide a set of uniform criteria for determining employee benefit plan issues, but also to prevent cluttering the federal court calendar with cases not properly or necessarily within federal courts' jurisdiction. See, e.g., *Wayte*, supra.

It is contrary to the generally accepted principles for construing statutes to "read out" any part of the statute as "mere surplusage" unless there is a clear reason for doing so. See, e.g., OCGA § 1-3-1; *Exum v. City of Valdosta*, 246 Ga. 169 (269 SE2d 441) (1980). The cause of action accrues when the formal act of denial takes place, e.g., *Menhorn*, supra at 1498 (1); the "acts or omissions" which are the basis of the cause of action may have occurred at any prior time, either before or after the preemption date, January 1, 1975. See, e.g., *Ponce v. Constr. Laborers Pension Trust*, 628 F2d 537 (9th Cir. 1980) (the only act subsequent to the preemption date was the formal act of

---

[2] Decisions of federal trial and intermediate courts are not binding on this court, only persuasive. *Felker v. State*, 252 Ga. 351, 361 (1b) (314 SE2d 621) (1984).

denial); *Wayte,* supra at 67 (state court jurisdiction and application of state law not defeated because cause of action accrued after effective date if such causative factors as exhaustion of administrative remedies occurred before that date); *Menhorn,* supra (legislative history shows legislative intent, as both "cause of action" and "acts or omissions" clauses appear in Conference Committee Report); *Cowan v. Keystone Employee &c. Fund,* 586 F2d 888 (1st Cir. 1978) (1977 denial of application for benefits allegedly underpaid in 1974 held erroneous because of "acts or omissions" clause). See also *Fort Halifax Packing Co. v. Coyne,* 482 U. S. 1 (107 SC 2211, 96 LE2d 1) (1987); *Jameson v. Bethlehem Steel,* 765 F2d 49 (3rd Cir. 1985); *Lafferty v. Solar Turbines Intl.,* 666 F2d 408, 410 (9th Cir. 1982).

Although Food Giant offers persuasive arguments, we are reluctant to conclude, as we must to adopt that position, that Congress did not intend every part of the statute, as finally written, to have effect. We therefore hold that, under the plain language of the statute, the acts or omissions giving rise to the cause of action occurred in 1973, when Alterman induced Porter to return to Food Giant's employ by promising him that his full seniority rights (with the single exception noted above) would be restored and that the "acts or omissions" from ERISA clearly applies. Under the criteria of OCGA § 9-11-56, the trial court's award of summary judgment on the basis of ERISA preemption was therefore error and the judgment in Case No. A90A2323 must be reversed.

2. Our holding in Division 1, supra, renders moot that portion of appellee's enumeration which pertains to ERISA. As to that portion which addresses Porter's state law claims, we find that these issues do not meet the criteria for summary adjudication. The judgment in Case No. A90A2324 must therefore be affirmed.

*Judgment reversed in Case No. A90A2323. Judgment affirmed in Case No. A90A2324. Pope and Beasley, JJ., concur.*

DECIDED FEBRUARY 13, 1991 —
REHEARING DENIED FEBRUARY 27, 1991 —

Redfern & Green, E. Lee Redfern, Brady D. Green, for appellant.
Troutman, Sanders, Lockerman & Ashmore, Jesse P. Schaudies, Jr., Christopher S. Miller, Dan R. Gresham, for appellee.