A96A2128. GLISSON v. HOSPITAL AUTHORITY OF VALDOSTA & LOWNDES COUNTY et al.
(481 SE2d 612)

ELDRIDGE, Judge.

This is an action for medical malpractice wherein the trial court granted appellees' motion to dismiss on April 12, 1996, based upon

appellees' assertion that appellant failed to comply with the provisions of OCGA § 9-11-9.1 (b).

On November 3, 1995, appellant filed a medical malpractice action against appellees. Appellant contacted an attorney only eight days prior to the running of the statute of limitation. Appellant did not attach an expert's affidavit to the complaint when it was originally filed, as is required by OCGA § 9-11-9.1 (a), because there was not sufficient time to do so before the statute of limitation ran. However, in Count 1, paragraph 20 of the complaint, appellant states "[t]he affidavit as required by law will be filed in accordance with OCGA § 9-11-9.1 (b) since the complaint is filed within ten days of the expiration of the applicable statute of limitations." Appellant also states in Count 2, paragraph 28, of her complaint that "[t]he applicable statute of limitations will expire within 10 days of the date of this filing." Appellant did *not* plead in the original complaint that the appellant was prevented from obtaining the affidavit because there was not sufficient time to do so before the statute ran, since the lawyers had not been retained more than ten days prior to the running of the statute of limitation: "The affidavit as required by law shall be filed in accordance with OCGA § 9-11-9.1 (b) since the complaint is filed within ten days of the expiration of the applicable statute of limitations." Subsequently, on December 13, 1995, appellant filed the affidavit of Larry R. Leichter, M.D., which satisfied the affidavit requirements under OCGA § 9-11-9.1.

On December 18, 1995, appellees answered appellant's complaint, alleging that appellant failed to comply with OCGA § 9-11-9.1 including, but not limited to, OCGA § 9-11-9.1 (b), because appellant did not specifically plead in the complaint that because of time restraints, an affidavit could not be prepared and filed at the time the original complaint was filed. On that basis, appellees requested that appellant's complaint be dismissed.

On January 10, 1996, appellant filed an amendment to her complaint, amending paragraph 28 to state that "[t]he affidavit as required by law shall be filed in accordance with OCGA § 9-11-9.1 (b) since this complaint is filed within ten (10) days of the expiration of the applicable statute of limitations. Plaintiff first consulted the undersigned counsel on October 30, 1995, a mere eight days prior to the expiration of the statute of limitations. Plaintiff's counsel was unable to obtain an affidavit because of the aforementioned time constraints. Therefore, the plaintiff is invoking the automatic fourty-five [sic] (45) day extension provided for in OCGA § 9-11-9.1 (b)."

On April 11, 1996, the trial court granted appellees' motion, even though appellant had raised equal protection and due process issues in opposition to appellees' motion to dismiss, which issues attacked the necessity to plead the reason for the delay and non-amendability

of the complaint as being unconstitutionally applied. Appellant appealed the superior court's dismissal to the Georgia Supreme Court, alleging that OCGA § 9-11-9.1 (b) is unconstitutional because it violates due process of law and equal protection rights and violates the prohibition against retroactive laws.

The Supreme Court has exclusive jurisdiction over appeals challenging the constitutionality of a statute for the first time when the constitutional issue has not been previously passed upon by the Supreme Court. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). However, the Supreme Court, on its own motion, entered an order holding that the appeal raised only issues of statutory construction, rather than constitutional issues, and transferred the appeal to this Court. The transfer represents the Supreme Court's determination that the case sub judice is not a case involving a constitutional issue over which the Supreme Court has exclusive jurisdiction. *Atlanta Independent School System v. Lane*, 266 Ga. 657 (469 SE2d 22) (1996). The Supreme Court has previously held that OCGA § 9-11-9.1 as enacted by the General Assembly is constitutional. *Lutz v. Foran*, 262 Ga. 819 (427 SE2d 248) (1993).

However, a constitutional statute can be unconstitutionally applied. Therefore, this Court has jurisdiction to construe OCGA § 9-11-9.1 (b) in order to determine if the trial court erred in its application of that statute by granting appellees' motion to dismiss and to determine if OCGA § 9-11-9.1 (b), as applied by this Court to the factual scenario in *Keefe v. Northside Hosp.*, 219 Ga. App. 875 (467 SE2d 9) (1996), impacts upon appellant's rights of equal protection and due process under the law; such applications of OCGA § 9-11-9.1 were the enumerations of error presented to the Supreme Court for determination.

1. OCGA § 1-3-1 (a) requires that "[i]n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." "A statute is presumed to be valid and constitutional until the contrary appears." *Williams v. Ragsdale*, 205 Ga. 274, 277 (53 SE2d 339) (1949). "An act of the General Assembly carries a strong presumption of constitutionality, and therefore, should not be set aside unless it 'plainly and palpably' conflicts with a constitutional provision." *City of Atlanta v. MARTA*, 636 F2d 1084 (5th Cir. 1981). " 'It is the duty of courts, to put such a construction upon statutes, if possible, as to uphold them and carry them into effect.' " *Lamons v. Yarbrough*, 206 Ga. 50 (55 SE2d 551) (1949), quoting *Winter v. Jones*, 10 Ga. 190 (1851). "That construction which will uphold a statute in whole and in every part is to be preferred." *Exum v. City of Valdosta*, 246 Ga. 169, 170 (1) (269 SE2d 441) (1980). Under such standards of statutory construction, to avoid a constitutional issue, and under the

transfer order from the Supreme Court directing that the case sub judice be decided by application of statutory construction, this Court will address on appeal the issue of the validity of the amendment to appellant's complaint filed under OCGA § 9-11-9.1 (b), because such enumeration of error is the sole underlying basis for the constitutional errors enumerated.

First, it is important to note that this case is distinguishable on both the facts and the law from *Keefe v. Northside Hosp.*, supra. In *Keefe*, the plaintiffs *never* amended or sought to amend their complaint to include the language of OCGA § 9-11-9.1 (b) or the substantial equivalent. In the case sub judice, appellant immediately amended the complaint to provide language in full compliance with OCGA § 9-11-9.1 (b). Further, the amendment to the complaint in the instant case in order to plead the language of OCGA § 9-11-9.1 (b) occurred prior to the trial court's ruling and prior to the *Keefe* decision. Moreover, that portion of the *Keefe* decision which states that the failure to include the language of OCGA § 9-11-9.1 is a situation "which cannot be cured by amendment pursuant to OCGA § 9-11-15," id. at 877, is obiter dictum; it was outside the holding and facts of *Keefe*, was unnecessary in order to decide the issues and facts properly before the court for decision, and, thus, "lack[ed] the force of an adjudication." *White v. State*, 213 Ga. App. 429, 430 (445 SE2d 309) (1994).

Additionally, our decision in *Thompson v. Long*, 201 Ga. App. 480, 481 (1) (411 SE2d 322) (1991), *permitted* amendment to the body of the complaint in order to allow for the pleading of the provisions of OCGA § 9-11-9.1 (b). *Keefe* distinguished *Thompson v. Long* on the basis that the complaint was filed pro se and the amendment was filed by subsequently retained counsel. Thus, *Keefe* properly distinguished *Thompson v. Long* on the facts and law, because in *Keefe* there was *no amendment* whatsoever to the pleadings under OCGA § 9-11-9.1 (b). However, *Thompson v. Long* is controlling in the case sub judice, because in both *Thompson v. Long* and in the instant case a factual pattern existed wherein there was an amendment in order to add the affidavit within 45 days, the filing of the affidavit within such time, and an amendment to the body of the pleadings to set forth such right under OCGA § 9-11-9.1 (b), a scenario which did not exist in *Keefe*. In *Thompson v. Long*, this Court found that OCGA § 9-11-15 did permit amendment to the body of the complaint under OCGA § 9-11-9.1 (b), pursuant to the authority of *St. Joseph's Hosp. v. Nease*, 259 Ga. 153, 154 (1) (377 SE2d 847) (1989). See also *Bell v. Figueredo*, 259 Ga. 321 (381 SE2d 29) (1989); *Patterson v. Douglas Women's Center, P.C.*, 258 Ga. 803 (374 SE2d 737) (1989); *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988); *Waldroup v. Greene County Hosp. Auth.*, 204 Ga. App. 256 (419 SE2d 36) (1992); *Reid v. Brazil*,

193 Ga. App. 1 (387 SE2d 1) (1989); *Hosp. Auth. of Fulton County v. McDaniel*, 192 Ga. App. 398 (385 SE2d 8) (1989). Moreover, permitting amendment to a complaint filed under OCGA § 9-11-9.1 is consistent with the intent of the legislature as demonstrated by a review of the legislative history of the act.

The legislative purpose for OCGA § 9-11-9.1 was "to reduce the number of frivolous malpractice suits being filed" where the plaintiff did not have an expert to testify as to a single act of professional negligence in contravention of the professional standard of care. *0-1 Doctors &c. Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989). In Ga. L. 1987, p. 887, § 3, the General Assembly provided the exception contained in OCGA § 9-11-9.1 (b); in neither the caption nor the body of the act does the General Assembly express a prohibition from amending the complaint itself, *except* in regard to the affidavit: Ga. L. 1989, p. 419, § 3, added OCGA § 9-11-9.1 (e) and (f), which prohibited amendments to add affidavits that did not exist at the time the initial complaint was filed. However, OCGA § 9-11-9.1 (b) provided an *exception* to that rule. Furthermore, nothing in the caption, or in these new subsections, prohibited the use of OCGA § 9-11-15 to amend the body of the complaint to plead OCGA § 9-11-9.1 (b) for the first time by amendment, as was done in the case sub judice.

In addition, the Supreme Court decided *St. Joseph's Hosp. v. Nease*, supra, after the passage of Ga. L. 1989, p. 419, § 3, but prior to it becoming effective. In *St. Joseph's Hosp. v. Nease*, the Supreme Court determined that amendments *were* permissible under Ga. L. 1987, p. 887, § 3, even to amend to add an affidavit; upon becoming effective, the subsequent amendment to the act prohibited *only amendments to add affidavits* not in existence at the time of filing the complaint. In the case sub judice, appellant only amended the *body* of the pleadings to add specific language, thereby complying with both the statute and with case law.

"A statute is to be construed in accordance with its real intent and meaning and not so strictly as to defeat the legislative purpose, *Johnson v. Housing Auth. of Atlanta*, 198 Ga. App. 816[,] 817 (403 SE2d 97) (1991), and should be read according to the natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation. *Burbridge v. Hensley*, 194 Ga. App. 523, 524 (1) (391 SE2d 5) (1990)." *HCA Health Svcs. of Ga. v. Hampshire*, 206 Ga. App. 108, 109 (424 SE2d 293) (1992). However, when reasonably possible, the court should interpret a statute to give meaning to all parts of the statute and not to make any portion surplusage, unless no other construction is possible. *State of Ga. v. C. S. B.*, 250 Ga. 261 (297 SE2d 260) (1982); *Undercofler v. Colonial Pipeline Co.*, 114 Ga. App.

739 (152 SE2d 768) (1966).

Under OCGA § 9-11-15, any amendments to the complaint are treated as relating back to the filing of the initial complaint, with the sole exception being the attachment of the expert affidavit under OCGA § 9-11-9.1 (a). Therefore, the trial court, in considering appellee's motion to dismiss, should have considered this amendment to the body of the complaint. "Is not the chief object of amendment the correction of mistakes?" *Ellison v. Ga. R. Co.*, 87 Ga. 691, 718 (13 SE 809) (1891). "This court has repeatedly held that the spirit and intent of the Civil Practice Act require that pleadings are to be liberally construed in favor of the pleader. *Mills v. Bing*, 181 Ga. App. 475, 476 (352 SE2d 798) (1987); *Tahamtan v. Dixie Ornamental Iron Co.*, 143 Ga. App. 561 (239 SE2d 217) (1977)." *Thompson v. Long*, supra at 481. "[T]he language of OCGA § 9-11-9.1 (b) 'shows a clear legislative intent to give a plaintiff extra time to secure an affidavit when the statute of limitation is about to expire.'" *Thompson v. Long*, supra at 482, citing *St. Joseph's Hosp. v. Nease*, supra at 154. Clearly, it runs completely counter to the language of OCGA § 9-11-9.1 and the liberal construction of OCGA § 9-11-15 to conclude that the General Assembly intended to allow a plaintiff to amend under OCGA § 9-11-9.1 (b) and to allow the filing of the affidavit under such statutory conditions, and then to conclude that simply because the complaint was inadequately pled initially, the legislature intended to permit dismissal upon the merits, without amendment of the pleadings, even when the statutory conditions have been met by filing the affidavit within 45 days. This would constitute a complete abandonment of issue pleading and reinstitute the principles of general demurrer, resulting in the reinstitution of all its attendant evils and hypertechnical pleading.

The legislative intent shall be determined from an act's caption. *Sovereign Camp Woodmen of the World v. Beard*, 26 Ga. App. 130 (105 SE 629) (1921). The caption indicates that the provisions of OCGA § 9-11-9.1 are intended to be *procedural*. Such procedural provisions expressly prohibit the amendment to a complaint to add an affidavit of an expert, except under certain limited circumstances. The statute does not prohibit other amendments of the body of the pleadings in the complaint and, therefore, should be liberally construed in pari materia with OCGA § 9-11-15 with regard to any other amendments to the pleadings. *Owens v. Cobb County*, 230 Ga. 707 (198 SE2d 846) (1973); *Bourquine v. City of Patterson*, 151 Ga. App. 232 (259 SE2d 214) (1979); *McRae v. Britton*, 144 Ga. App. 340 (240 SE2d 904) (1977); *MCG Dev. Corp. v. Bick Realty Co.*, 140 Ga. App. 41 (230 SE2d 26) (1976); *Taylor v. Ga. Power Co.*, 129 Ga. App. 89 (198 SE2d 701) (1973).

Since the body of the appellant's complaint was properly

amended under OCGA § 9-11-15 to include the language of OCGA § 9-11-9.1 (b) and since appellant filed an expert's affidavit within the extended filing time within OCGA § 9-11-9.1 (b), this Court finds that the trial court erred in dismissing appellant's amended complaint.

2. Appellant also raises, for the first time on appeal, an argument that this Court's interpretation of OCGA § 9-11-9.1 (b) has the effect of an impermissible, retroactive application of law. Such argument was not made at the trial level and thus has not been preserved for our review. *Grant v. Jones*, 192 Ga. App. 209 (384 SE2d 434) (1989).

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson and Blackburn, JJ., concur. Beasley and Ruffin, JJ., concur specially. Andrews, C. J., concurs in the judgment only.*

BEASLEY, Judge, concurring specially.

I concur in the holding that the complaint filed pursuant to OCGA § 9-11-9.1 (b) may be amended under OCGA § 9-11-15 to include the statutorily required allegation which excuses contemporaneous filing of the affidavit, at least where the amendment is filed prior to the filing of a motion to dismiss the complaint on the ground of the defect.

I do so with several caveats. First, it is questionable whether this issue has been preserved for appellate review. Appellant enumerates as error the trial court's grant of appellees' motion to dismiss. She argues that interpreting subsection (b) so as to require "magic language" to comply with the substance of the statute violates her constitutional rights. Nowhere in her brief does she raise any issue concerning the amendment to her complaint.

Second, the statement in *Keefe v. Northside Hosp.*, 219 Ga. App. 875 (467 SE2d 9) (1996), which the majority considers obiter dictum, was very pertinent procedurally to that case. No effort had been made to amend the complaint in the trial court to add the requisite allegation, which conclusively establishes a necessary fact, before the trial court granted defendant's motion to dismiss the complaint for this reason. Thus it was too late to consider amendment; the case would not be remanded to allow this to be done. The clause in the last paragraph of *Keefe* with respect to cure by amendment was not meant to preclude timely amendment to the complaint so as to include the required allegation explaining the absence of a contemporaneously filed affidavit. The Court referenced *Sisk v. Patel*, 217 Ga. App. 156 (456 SE2d 718) (1995), as a case to be compared. There this Court allowed the original affidavit to be added by amendment which was attempted by motion made after dismissal, but a facsimile had been filed with the complaint.

The decision in this case comports with the principle repeated in *Gadd v. Wilson & Co.*, 262 Ga. 234, 235 (416 SE2d 285) (1992), that "since § 9-11-9.1 establishes an exception to the general liberality of pleading permitted under the Civil Practice Act, . . . it should be construed in a manner consistent with the liberality of the Civil Practice Act where such construction does not detract from the purpose of § 9-11-9.1 to reduce the number of frivolous malpractice suits being filed." (Citations and punctuation omitted.)

I am authorized to state that Judge Ruffin joins in this special concurrence.

DECIDED FEBRUARY 14, 1997 — 

*O. Wayne Ellerbee*, for appellant.
*Young, Thagard, Hoffman, Scott & Smith, James B. Thagard*, for appellees.