A92A1940. NEWTON v. PORTER.
(424 SE2d 323)

McMURRAY, Presiding Judge.

Alleging that defendant, Cedric E. Porter, M.D., "committed a battery" upon her, Debra A. Newton brought suit against defendant in the Superior Court of Emanuel County. She alleged that the "battery" took place when defendant performed a bilateral tubal ligation. In this regard, plaintiff alleged that, during the performance of the tubal ligation procedure, defendant punctured her duodenum without her permission.

Defendant moved to dismiss the complaint, pointing out that plaintiff failed to file an expert's affidavit pursuant to OCGA § 9-11-9.1. The trial court granted the motion and plaintiff appeals. *Held*:

OCGA § 9-11-9.1 (a) provides: "In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." Plaintiff recognizes that an expert's affidavit must be filed with the complaint in a medical malpractice action. She asserts, however, that such an affidavit need not be filed in this case because it involves battery, not medical malpractice.

In *Joiner v. Lee*, 197 Ga. App. 754, 755 (1), 756 (399 SE2d 516), plaintiffs sued Drs. Rottenberg and Lee for battery and loss of consortium claiming they removed her right ovary and fallopian tube without permission. In so doing, plaintiffs stipulated that they were not bringing a medical malpractice action. The trial court granted defendants' motion for summary judgment, ruling, inter alia, that plaintiffs' suit was "in reality a medical malpractice case and the failure of plaintiffs to submit an expert's affidavit in opposition to the defendant-doctors' affidavits and deposition testimony was fatal." Id. at 756.

This Court disagreed and reversed, ruling that insofar as plaintiffs sought damages for a battery, they "need not meet the requisites of a medical malpractice case." Id. We find this holding to be applicable in this case and conclude that it was not incumbent upon plaintiff to file an expert's affidavit pursuant to OCGA § 9-11-9.1. Of course, having alleged battery, and not negligence, plaintiff must provide that defendant *intentionally* punctured her duodenum. See generally *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264 (1) (387 SE2d 593).

Pointing to OCGA § 9-11-8 (a) (1) (A), defendant urges that this "claim for damages" must be construed as a "medical malpractice case" and that, therefore, plaintiff must comply with the requirements set forth in OCGA § 9-11-9.1. This we cannot do. By its own terms, the "medical malpractice" definition set forth in OCGA § 9-11-8 applies only to that Code section; it does not apply to OCGA § 9-11-9.1.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 27, 1992.

*Watkins & Watkins, John D. Watkins,* for appellant.
*Oliver, Maner & Gray, Robert L. Persse, William P. Franklin, Jr.,* for appellee.