## S06A1540. CARR v. THE STATE.
### (635 SE2d 767)

CARLEY, Justice.

A jury found Lashandra Carr guilty of malice murder and related offenses. After the denial of a motion for new trial, her attorney filed an untimely notice of appeal, which was dismissed pursuant to an order expressly stating that she could file a request for an out-of-time appeal in the trial court. See *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). Thereafter, Ms. Carr did not file such a request. Instead, her lawyer filed a sua sponte notice of out-of-time appeal, noting his own ineffectiveness in filing the untimely original notice. The case is now before this Court pursuant to that notice of out-of-time appeal.

In *Adams v. State*, 264 Ga. 71, 72 (1) (440 SE2d 639) (1994),

> [w]e note[d] that [an] appeal would be subject to dismissal for failure of [appellant's] counsel to file a timely . . . notice of appeal, but inasmuch as the failure to file the appeal would be considered ineffective assistance of counsel, entitling [appellant] to an out-of-time appeal, we will consider [the] enumerations of error . . : .

*Adams* was subsequently cited as an example of this Court's "reluctance to dismiss [an] appeal for failure to file a timely notice of appeal." *Rowland v. State*, supra at 873 (1).

Despite that previous reluctance, however, we ultimately concluded in *Rowland*, supra at 875-876 (2),

> that dismissal of the appeal is the appropriate and constitutionally permissible course of action when a represented criminal defendant's appeal has procedural deficiencies that deprive the defendant of the right of appellate review of the judgment of conviction. The order of dismissal, to be sent to the criminal defendant as well as to appellate counsel with direction to send a copy to the defendant, should point out the appellate deficiency and make the defendant and counsel aware of the option of applying for an out-of-time appeal

in the court of conviction. Should, upon the defendant's application for out-of-time appeal, it be established to the trial court's satisfaction that the appellate procedural deficiency was due to appellate counsel's failure to perform routine duties, appellant is entitled to an out-of-time appeal. [Cits.] A defendant granted an out-of-time appeal by the trial court will have 30 days from the grant to file a notice of appeal to the appellate court with subject-matter jurisdiction.

*Rowland v. State,* supra at 875-876 (2).

Thus, it is clear that, pursuant to the mandate of *Rowland,* Ms. Carr's counsel was not entitled to file a sua sponte notice of out-of-time appeal based on the subjective acknowledgment of his own ineffectiveness. Only the trial court is authorized to determine whether the failure to file a timely notice of appeal was attributable to an attorney's ineffectiveness and, if so, to grant the accused the right to file an out-of-time appeal. Therefore, Ms. Carr's present appeal is dismissed with the admonition that, should she wish to appeal her convictions, she must file a request for an out-of-time appeal in the trial court, obtain an order from the trial court granting her permission to do so and then, within 30 days from the grant of that permission, file a notice of appeal. We also take this occasion to note, for the benefit of the bench and bar, that any and all cases, such as *Adams* and other decisions cited in *Rowland,* supra at 873-874 (1), are hereby expressly overruled to the extent that they may have approved another method for addressing procedurally deficient criminal appeals.

*Appeal dismissed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Franklin & Hubbard, Curtis L. Hubbard, Jr., Rodney A. Williams,* for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General,* for appellee.