A10A0917. ESTATE OF WILLIAM J. SHANNON et al.
v. AHMED et al.

(696 SE2d 408)

ANDREWS, Presiding Judge.

After the death of William J. Shannon, his son and administrator brought this action for fraud, battery, wrongful death and other claims against the doctors and others involved in Shannon's care. On appeal, the Shannons argue that the trial court erred when it granted defendants' motion to dismiss for failure to attach an expert affidavit as required by OCGA § 9-11-9.1. The Shannons also argue that the trial court erred when it denied their motion to add a medical malpractice claim and mooted their motion to strike defendants' answers. We reverse as to the Shannons' claims for intentional tort and remand for further proceedings.

> A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). On appeal, this Court reviews the denial of a motion to dismiss de novo. However, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in her favor.

(Citations and punctuation omitted.) *Liu v. Boyd*, 294 Ga. App. 224 (668 SE2d 843) (2008).

---

[14] *Lightning v. State*, 297 Ga. App. 54, 59 (4) (676 SE2d 780) (2009).

So viewed, the record shows that on July 8, 2004, the decedent's administrator and heirs filed a verified complaint in Chatham County Superior Court against Dr. Masood Ahmed and Dr. George Negrea, these doctors' practice groups, and Candler General Hospital and its nurses. The complaint set out claims for fraud, battery, conspiracy, and wrongful death, and prayed for compensatory and punitive damages as well as fees. In April 2006, plaintiffs voluntarily dismissed this initial suit. On October 10, 2006, plaintiffs refiled substantially similar claims against the same defendants as well as Hospice Savannah and one of its employees, and named Cynthia Balkstra as one of the Candler General nurses involved in Shannon's care.

The new complaint alleged that Shannon was placed under the care of Drs. Ahmed and Negrea at Candler General in early July 2002, and that while tied to his bed in a vest and hand restraints, Shannon twice aspirated, biting off a portion of his tongue and becoming comatose as a result of the second aspiration. The new complaint also alleged that (a) on learning of Shannon's condition, Dr. Ahmed decided to withhold further medical assistance; (b) at a meeting between July 8 and July 12, he informed the family that Shannon's cancer had taken over his body without saying that his comatose condition was actually the result of aspiration; (c) Dr. Negrea and Nurse Balkstra "reinforced" Dr. Ahmed's misrepresentations by "omitt[ing] the material fact that [Shannon] had aspirated while under Ahmed's care" and "remained silent about the false diagnosis that [Shannon's] cancer had spread"; (d) as a result of these fraudulent acts and omissions, Shannon was transferred to hospice care, where he was denied food and water, given morphine and other drugs, and suffered renal failure; (e) Dr. Ahmed furthered his scheme of concealing the cause of Shannon's condition by representing that Shannon's pancreatic cancer had metastasized to his lungs, though it had not, and that his renal failure was also the result of metastasis, though it was not; and (f) on learning that Shannon's coma was actually the result of aspiration, the family insisted that he be returned to Candler General, where he died on September 13.

In late 2006, Hospice Savannah and Dr. Negrea moved to dismiss the new complaint on the ground that plaintiffs had failed to file the expert affidavit required by OCGA § 9-11-9.1. Dr. Ahmed and Candler General had raised the matter in their answers.[1] Defendants also

---

[1] Plaintiffs do not raise the question whether a defendant's failure to make a separate motion to dismiss for lack of a § 9-11-9.1 affidavit waives the matter. See *Chandler v. Opensided MRI of Atlanta*, 299 Ga. App. 145 (682 SE2d 165) (2009). We therefore express no opinion on the subject.

moved for partial summary judgment on the merits (not including their § 9-11-9.1 motion).

Plaintiffs moved to strike defendants' answers for spoliation and concealment of evidence, arguing that Dr. Ahmed had altered Shannon's medical records to delete his misrepresentation concerning metastatic cancer and had refused to represent to the hospice that Shannon was terminal, and that Dr. Ahmed and the hospice had destroyed or failed to release relevant documents until 2007, over three years after they had been requested. Plaintiffs also moved to add a medical malpractice claim to the new complaint.

The trial court granted defendants' motion to dismiss the claims against all three defendants for failure to file a § 9-11-9.1 affidavit, reasoning that because all of plaintiffs' claims concerned Shannon's diagnosis, care, and treatment, they required testimony by a medical expert. The trial court also mooted plaintiffs' motion to strike, denied plaintiffs' motion to add a medical malpractice claim, and mooted defendants' summary judgment motions.

1. Plaintiffs first argue that the trial court erred when it granted the motions to dismiss their claims in intentional tort. We agree.

OCGA § 9-11-9.1 (a) provides:

> In any action for damages alleging *professional malpractice* against . . . [a]ny licensed health care facility alleged to be liable *based upon the action or inaction of a health care professional* . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

(Emphasis supplied.) The Supreme Court of Georgia has explained that when the General Assembly passed OCGA § 9-11-9.1, it "sought to reduce the number of frivolous professional malpractice actions by placing a procedural hurdle before those plaintiffs who sought damages for professional *negligence.*" (Emphasis in original.) *Labovitz v. Hopkinson*, 271 Ga. 330, 336 (519 SE2d 672) (1999). By contrast, "those claims grounded on a professional's *intentional* acts which allegedly resulted in injury to one with whom the professional had a professional relationship are not required to be accompanied by an expert affidavit." (Emphasis in original.) Id. at 336-337.

As we have often held, then, a motion to dismiss a complaint raising matters of professional malpractice may be granted only to the extent that it alleges merely negligent rather than fraudulent or otherwise intentional acts, and is thus defective for lack of a § 9-11-9.1 affidavit. See *Murrah v. Fender*, 282 Ga. App. 634, 636 (1)

(639 SE2d 595) (2006) (affirming trial court's denial of motion to dismiss complaint for lack of a § 9-11-9.1 affidavit when the complaint alleged medical fraud); *Brown v. Tift Health Care*, 279 Ga. App. 164, 166 (630 SE2d 788) (2006) ("a § 9-11-9.1 affidavit is required when the issue is a defendant's compliance with a professional standard of conduct, but when professional judgment and skill are not involved, a § 9-11-9.1 affidavit is not required"); *Bowling v. Foster*, 254 Ga. App. 374, 380-381 (1) (b) (562 SE2d 776) (2002) (affirming directed verdict for lack of a § 9-11-9.1 affidavit as to that portion of a medical malpractice action concerning a failure to reveal results of surgery, but reversing verdict concerning defendants' affirmative misrepresentations); *Newton v. Porter*, 206 Ga. App. 19 (424 SE2d 323) (1992) (reversing grant of motion to dismiss complaint for medical battery because a plaintiff alleging a battery claim need not attach a § 9-11-9.1 affidavit).

To make out a case for fraud, a plaintiff must plead five essential elements:

(1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; [and] (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.

*Walker v. Walker*, 293 Ga. App. 872, 874 (2) (a) (668 SE2d 330) (2008). These allegations must be pled with particularity. Id., citing OCGA § 9-11-9 (b). A claim for medical battery also arises when a patient's consent to a procedure is obtained by "fraudulent misrepresentations of material facts" in obtaining that consent. OCGA § 31-9-6 (d); *Lloyd v. Kramer*, 233 Ga. App. 372, 375 (503 SE2d 632) (1998). Finally, "[a] conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." (Citation and punctuation omitted.) *U. S. Anchor Mfg. v. Rule Indus.*, 264 Ga. 295, 297 (1) (443 SE2d 833) (1994). "The gist of [a conspiracy] action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." (Citation and punctuation omitted.) *Savannah College of Art &c. v. School of Visual Arts &c.*, 219 Ga. App. 296, 297 (464 SE2d 895) (1995).

Read in plaintiffs' favor, the new complaint adequately pleads fraud, battery, conspiracy, and wrongful death against all three defendants. Specifically, the complaint asserts that Dr. Ahmed knowingly and falsely represented to the family that Shannon's comatose condition was the result of metastasized cancer rather than aspira-

tion, and that his intention in doing so was to deceive the family as to its actual cause. The complaint also asserts that Dr. Negrea and Nurse Balkstra were complicit in Dr. Ahmed's misrepresentations and assisted him in the deception of the family; that the family relied on the defendants' misrepresentations when it agreed to admit Shannon to hospice care; and that as a proximate result of being admitted to hospice, Shannon was denied food and water and suffered renal failure.

Even if the complaint is not as specific as it might be concerning Dr. Negrea's and Nurse Balkstra's participation in the fraud, we cannot say with certainty at this stage in the proceedings that the Shannons will be unable to prove any set of facts in support of their claim that would entitle them to relief. The complaint's specificity concerning the few days of time between Shannon's aspiration and his admission to hospice care would have provided all three defendants with "sufficient notice to enable [them] to prepare a responsive pleading." *Hayes v. Hallmark Apts.*, 232 Ga. 307, 309 (1) (207 SE2d 197) (1974). Moreover, "[t]he proper remedy for seeking more particularity is by motion for a more definite statement at the pleading stage or by the rules of discovery thereafter," and not by the grant of a motion to dismiss. *Cochran v. McCollum*, 233 Ga. 104, 105 (210 SE2d 13) (1974).

Because plaintiffs were not required to support their adequately pled claims for fraud, battery, and conspiracy with a § 9-11-9.1 affidavit, the trial court erred when it granted the motion to dismiss them. *Murrah*, 282 Ga. App. at 636 (1) (affirming denial of motion to dismiss medical fraud claim for failure to supply a § 9-11-9.1 affidavit); *Lloyd*, 233 Ga. App. at 375 (reversing grant of summary judgment on medical fraud and battery claims); *Cochran*, 233 Ga. at 105 (reversing dismissal of fraud claim when plaintiffs were not given an opportunity to plead with greater particularity before dismissal).

2. It follows from the same authorities cited in Division 1, however, that because any negligence claims against the defendants would have required the support of a § 9-11-9.1 affidavit, the trial court did not err when it denied plaintiffs' motion to amend their complaint to add claims in professional negligence against any of the defendants.

3. As a result of its order dismissing the case against each of the defendants, the trial court mooted both plaintiffs' motion to strike defendants' answers as well as defendants' motions for partial summary judgment. Having reversed a portion of the trial court's order in Division 1, and also noting that the transcript of the July 1, 2008 hearing on the motion to strike is not included in the record

before us, we remand the case for further proceedings on these pending motions.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Smith, P. J., and Adams, J., concur.*

DECIDED JUNE 10, 2010.

*Terrence A. Shannon*, for appellants.

*Brennan & Wasden, Joseph P. Brennan, B. Nicole Smith, Hunter, Maclean, Exley & Dunn, Kirby G. Mason, Hall, Booth, Smith & Slover, Michael G. Frick, Oliver Maner, Christopher L. Ray*, for appellees.