## A11A1213. COMPREHENSIVE PAIN MANAGEMENT et al.
## v. BLAKELY.
### (719 SE2d 579)

PHIPPS, Presiding Judge.

Comprehensive Pain Management, Rajesh Patel, and Tamara Harris seek interlocutory review of the trial court's order denying their motion to dismiss this medical malpractice action and allowing Barbara Blakely to amend the complaint she filed against them to add an expert affidavit omitted from the initial complaint. Because the trial court erred, we reverse.

The relevant facts show that on September 17, 2010, Blakely filed a medical malpractice action against the appellants, alleging that their negligence in prescribing medication and failing to monitor her health resulted in damage to her liver. Although the complaint indicated that the affidavit of expert witness Tanya Jones was attached to the complaint, the affidavit was omitted. On October 14, 2010, the appellants pointed out in their answer the fact that no expert affidavit had been filed and simultaneously moved to dismiss the action based upon Blakely's failure to comply with OCGA § 9-11-9.1. In response, Blakely filed a pleading requesting that the appellants' motion to dismiss be denied and that she be permitted to amend the complaint; she attached to her response the affidavit — which was not notarized until October 18, 2010, after the complaint and answer had been filed. The trial court then issued an order denying the appellants' motion and permitting the complaint to be amended with the affidavit.

> A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). On appeal, this Court reviews the denial of a motion to dismiss de novo. However, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in her favor.[1]

OCGA § 9-11-9.1 (a) states that, in any action for damages alleging professional malpractice, "the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." Pursuant to OCGA § 9-11-9.1 (f),

> [i]f a plaintiff fails to file an affidavit as required by this Code section and the defendant raises the failure to file such

---

[1] *Estate of Shannon v. Ahmed*, 304 Ga. App. 380 (696 SE2d 408) (2010) (citation omitted).

an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation,[2] unless a court determines that the plaintiff had the requisite affidavit within the time required by this Code section *and* the failure to file the affidavit was the result of a mistake.[3]

Although under OCGA § 9-11-9.1 (f) a plaintiff may voluntarily dismiss the claim before the trial court rules and then potentially refile if the omission of the affidavit was a mistake, nothing in the relevant portions of the statute permits a party to add the requisite affidavit by amendment.[4] "If the required affidavit is not filed with the complaint, the complaint is subject to dismissal for failure to state a claim. A dismissal for failure to state a claim is a dismissal on the merits and is with prejudice."[5]

It follows that since Blakely's complaint alleged professional negligence, an expert affidavit was required to be filed with the complaint.[6] Whether the statute of limitation expired on the date appellants contend, or on the date Blakely contends, as both dates preceded the October 18, 2010 actual notarization of the affidavit that was eventually submitted, nothing in the record supports a determination that Blakely timely had the requisite affidavit so as to be subject to the renewal provisions of OCGA § 9-2-61. Nor did Blakely's attorney file an affidavit pursuant to OCGA § 9-11-9.1 (b), affirming that her law firm was not retained by the plaintiff more than 90 days prior to the expiration of the period of limitation on the plaintiff's claim, so as to extend the time for filing the affidavit by 45 days after the filing of the complaint.

In her brief, Blakely cites OCGA § 9-11-9.1 (e) and *Peterson v. Columbus Med. Center Foundation*,[7] for the proposition that her "right to amend the complaint with the affidavit has been extended to 45 days." But OCGA § 9-11-9.1 (e) does not reference any 45-day extension and is otherwise inapplicable because no affidavit was initially filed with the complaint to trigger application of OCGA §

---

[2] OCGA § 9-3-71 (a) (generally, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred).

[3] (Emphasis supplied.)

[4] *Bardo v. Liss,* 273 Ga. App. 103, 105 (2) (614 SE2d 101) (2005).

[5] See *Roberson v. Northrup*, 302 Ga. App. 405, 406-407 (691 SE2d 547) (2010) (citations and punctuation omitted).

[6] OCGA § 9-11-9.1 (a), (f).

[7] 243 Ga. App. 749, 750 (533 SE2d 749) (2000).

9-11-9.1 (e). Moreover, *Peterson*[8] is inapplicable. In that case, because the plaintiff filed an amendment to the complaint which, inter alia, stated that the cause of action was filed pro se and "within ten days of the expiration of the statute of limitations period and because of such time constraints, an affidavit of an expert could not be prepared," we held that the plaintiff properly availed herself of the automatic 45-day extended filing period under OCGA § 9-11-9.1 (b).[9] Here, unlike in *Peterson*, Blakely did not file an amendment to the complaint specifically reciting the provisions of OCGA § 9-11-9.1 (b), so as to extend the time for filing the expert affidavit.

Because Blakely failed to file the required expert affidavit contemporaneously with the original complaint, the trial court erred by denying appellants' motion to dismiss with prejudice.[10] And since nothing in OCGA § 9-11-9.1 permits Blakely to add the requisite affidavit by amendment,[11] the trial court also erred by granting Blakely's motion to amend the complaint by attaching thereto the required expert affidavit.

*Judgment reversed. Andrews and McFadden, JJ., concur.*

DECIDED NOVEMBER 18, 2011.

*Hall, Booth, Smith & Slover, Dean T. Cleaveland*, for appellants. *Nicole Jones*, for appellee.

---

[8] Id.

[9] Id. at 750-752 ("OCGA § 9-11-15 allows a plaintiff to amend the complaint to comply with OCGA § 9-11-9.1 (b) within 45 days of filing and thus trigger the automatic extended filing period").

[10] See *Roberson*, supra; *Bardo*, supra at 106 (2).

