**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 20, 2018**

# In the Court of Appeals of Georgia

A18A0530. SISKA v. MCNEIL et al.                                         DO-018

DOYLE, Presiding Judge.

This appeal arises from an allegation of medical malpractice made by Dawn Siska against Dr. John McNeil, Jr., and Northside Anesthesia Consultants ("the defendants"). Siska originally filed a pro se complaint but subsequently retained counsel; in the meantime, the defendants moved to dismiss, arguing that Siska failed to file the necessary expert affidavit with her complaint. Although Siska filed an amended complaint, the trial court granted the motion to dismiss, and this appeal followed.[1]

---

[1] Siska originally filed her appeal in the Supreme Court of Georgia based on her constitutional challenges to OCGA § 9-11-9.1 (b). The Supreme Court transferred the case to this Court, explaining that Siska failed to raise or obtain a ruling by the trial court on the constitutional issues.

Siska argues on appeal that the trial court erred by granting the motion to dismiss because (1) OCGA § 9-11-9.1 (b) is unconstitutional, and (2) she timely amended her complaint to comply with OCGA § 9-11-9.1 (b). For the reasons that follow, we reverse.

The record shows that Siska filed her pro se complaint on December 29, 2016, which was the last day to file a medical malpractice action based on the events at issue, which she alleged occurred on December 29, 2014.[2] It is undisputed that Siska failed to attach an expert affidavit to her first complaint, and she did not attach an affidavit pursuant to OCGA § 9-11-9.1 (b) stating that because of time constraints she could not prepare an expert affidavit and needed to invoke the 45 day extension.

On February 6, 2017, counsel for Siska filed an entry of appearance and his own affidavit, averring that Siska retained him on January 25, 2017, that "she filed the [c]omplaint pro se on December 29, 201[6], just prior to the Statute of Limitation[]," that she was unaware of the "immediate need for filing an expert witness affidavit simultaneously with the [c]omplaint," and that the attorney had located an expert to review the file. On February 7, 2017, the defendants filed an

_____

[2] See OCGA § 9-3-71 (a) ("an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred").

2

answer and motion to dismiss the complaint for failure to file an expert affidavit. On February 9, 2017, within 45 days of the filing of the complaint, counsel for Siska filed an amended complaint with an expert affidavit attached. On February 20, 2017, Siska filed a response to the defendants' motion to dismiss, which had been filed in between the filing of her attorney's affidavit and the amended complaint.[3] This response detailed why the extension in OCGA 9-11-9.1 (b) should apply. The trial court held a hearing on the motion to dismiss on May 18, 2017. On May 19, 2017, Siska filed a second amended complaint in which she alleged that (1) the expert affidavit was not filed with the complaint because she was proceeding pro se, the failure to include the affidavit was based on good faith as required by OCGA § 9-11-9.1 (b), and the second amended complaint was filed to satisfy the requirements of that section.

After a hearing, a transcript of which does not appear in the record on appeal, the trial court entered an order dismissing the complaint.

---

[3] The trial court's order states that on March 8, 2017, Siska's attorney filed Siska's affidavit, but no such affidavit appears in the record. The trial court's order characterizes this affidavit as stating that Siska spoke to many attorneys over the months leading up to the expiration of the statute of limitation, but ultimately filed a pro se affidavit on the day of expiration and that she retained her attorney on January 25, 2017.

"A motion to dismiss based upon the lack of an expert affidavit is a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). On appeal, this Court reviews the denial of a motion to dismiss de novo[, construing] the pleadings in the light most favorable to the plaintiff with any doubts resolved in her favor."[4]

1. As explained in the Supreme Court's transfer order to this Court, Siska failed to raise and obtain a ruling on the constitutional issues in the trial court. Accordingly, the arguments raised in her first and second enumerations of error present nothing for this Court to review.[5]

2. Siska also argues that the trial court erred by granting the motion to dismiss because her pro-se complaint was filed within 10 days of the expiration of the statute of limitation, which in conjunction with the filing of her amended and second amended complaints, including her expert affidavit filed within 45 days of the complaint, her affidavit, and her attorneys affidavit, triggered application of the 45-day grace period for filing an expert affidavit under OCGA § 9-11-9.1 (b).

---

[4] (Footnote and punctuation omitted). *Comprehensive Pain Mgmt. v. Blakely*, 312 Ga. App. 721 (719 SE2d 579) (2011), quoting *Estate of Shannon v. Ahmed*, 304 Ga. App. 380 (696 SE2d 408) (2010).

[5] See, e.g., *Glisson v. Hosp. Auth. of Valdosta*, 224 Ga. App. 649, 655 (2) (481 SE2d 612) (1997) (addressing previous statute). See also *GHG, Inc. v. Bryan*, 275 Ga. 336, 337 (3) (566 SE2d 662) (2002).

Pursuant to OCGA § 9-11-9.1 (a), along with any professional malpractice complaint, a plaintiff must contemporaneously file an expert affidavit supporting her claim or claims.[6] Under OCGA § 9-11-9.1 (b), however, a plaintiff has a 45-day grace period in which to file an expert affidavit if (1) the complaint is filed within 10 days of the expiration of the statute of limitation; and (2) the plaintiff's attorney files an affidavit stating that an expert affidavit was not filed contemporaneously with the complaint because the plaintiff retained the attorney fewer than 90 days prior to the expiration of the limitation period.

It is undisputed that plaintiff filed her cause of action within ten days of the expiration of the applicable statute of limitation for her claim, and therefore, she would clearly be entitled to invoke the protections of OCGA § 9-11-9.1 (b) if she had made the proper allegations in her complaint when it was first filed. OCGA § 9-11-8 (f) requires that "all pleadings be so construed as to do substantial justice." This Court has repeatedly held that the spirit and intent of the Civil Practice Act require that pleadings are to be liberally construed in favor of the pleader. Pro se pleadings are held to less stringent standards than pleadings that are drafted by lawyers. As our Supreme Court noted in *Saint Joseph's Hosp. v. Nease*,[7] the language of OCGA § 9-11-9.1 (b)

---

[6] See *Ga. Dermatology Clinic v. Nesmith*, 254 Ga. App. 121, 122-123 (561 SE2d 459) (2002).

[7] 259 Ga. 153, 154 (377 SE2d 847) (1989).

shows a clear legislative intent to give a plaintiff extra time to secure an affidavit when the statute of limitation is about to expire.[8]

In this case, Siska failed to file an expert affidavit with her pro-se complaint, nor did she file a personal affidavit averring that she qualified for application of OCGA § 9-11-9.1 (b). Nevertheless, the trial court erred by dismissing the complaint on the basis that Siska failed to fall within the exception of OCGA § 9-11-9.1 (b).

First, Siska filed the pro-se complaint within ten days of the expiration of the statute of limitation. Second, although she did not aver in the complaint the language of OCGA § 9-11-9.1 (b), within 45 days of the filing of the complaint and expiration of the statute of limitation, Siska's attorney filed a first amended complaint with the required expert affidavit. He also filed an affidavit stating that Siska retained him on January 25, 2017, that she filed the complaint pro se "just prior to the statute of limitation[ expiration]," that she was unaware of the need to file an affidavit contemporaneously, and that he had "located [an expert, who] was reviewing the file." And finally, Siska's second amended complaint, which related back to the date

_____

[8] (Citations and punctuation omitted.) *Thompson v. Long*, 201 Ga. App. 480, 481-482 (1) (411 SE2d 322) (1991) (addressing previous version of statute).

of the original pleading pursuant to OCGA § 9-11-15, included language that explicitly tracked the language of OCGA § 9-11-9.1 (b).[9]

The trial court relied upon and the defendants point to *Comprehensive Pain Mgmt. v. Blakely*,[10] for the proposition that it was necessary for Siska to specifically recite the provision of OCGA § 9-11-9.1 (b) in order to trigger the provision; however, the facts in *Blakely* are not applicable here because that case involved a defective expert affidavit under OCGA § 9-11-9.1 (e).[11] Instead, as this Court explained in *Thompson v. Long*,[12] this Court liberally construes pro se filings, and there is no magic language that must be used to invoke the 45-day grace period. Here, the combination of Siska's pro-se, timely complaint, followed by Siska's attorney's affidavit explaining that the complaint was filed within 10 days of the expiration of

---

[9] See *Thompson*, 201 Ga. App. at 481-482. See also *Glisson*, 224 Ga. App. at 652-654 (1).

[10] *Blakley*, 312 Ga. App. at 723.

[11] See id. at 721. This Court noted that the plaintiff in *Blakely* failed to meet the requirements of OCGA § 9-11-9.1 (b) because her attorney never filed an affidavit under that section averring that the attorney was retained within 90 days of the expiration of the statute of limitations, nor did the plaintiff amend her complaint to include the language of subsection (b). See id. at 724-723.

[12] *Thompson*, 201 Ga. App. at 482 (1).

7

the statute, that he was hired after that time (and not 91 days or more prior to the expiration of the statute), and that he was in the process of obtaining an expert affidavit, which was attached to the first amended complaint also filed within the 45-day grace period, were sufficient to invoke the protection afforded by OCGA § 9-11-9.1 (b).

That Siska also may have been unaware of the necessity of filing any affidavits or that her attorney initially failed to quote the language of OCGA § 9-11-9.1 (b) are not sufficient reasons to grant the motion to dismiss because the "defendant[s were] in no worse position than if the plaintiff had understood the language of OCGA § 9-11-9.1 and originally inserted the language required by subsection (b) of that statute in the complaint."[13]

*Judgment reversed. Dillard, C. J., and Mercier, J., concur.*

---

[13] See id. See also *Glisson*, 224 Ga. App. at 652-654 (2) (addressing prior version of the statute). Compare with *Blakely*, 312 Ga. App. at 722-723 (holding that the plaintiff's law firm failed to file an affidavit stating that "it was not retained by the plaintiff more than 90 days prior to the expiration of the period of limitation on the plaintiff's claim, so as to extend the time for filing the affidavit by 45 days after the filing of the complaint").