# Court of Appeals
# of the State of Georgia

ATLANTA,  January 13, 2021

*The Court of Appeals hereby passes the following order:*

## A21D0167. MAXX MCQUAY PRITCHETT v. THE STATE.

On November 11, 2020, the trial court entered an order granting Maxx McQuay Pritchett permission to file an out-of-time appeal. Pritchett then filed this pro se application for discretionary appeal in which he primarily challenges the revocation of his probation. Pritchett may also be challenging his guilty plea.[1]

As a threshold matter, we note an order granting an out-of-time appeal may be appealed directly. See *Rowland v. State*, 264 Ga. 872, 876 (2) (452 SE2d 756) (1995) ("A defendant granted an out-of-time appeal by the trial court will have 30 days from the grant to file a notice of appeal to the appellate court with subject-matter jurisdiction."). Under OCGA § 5-6-35 (j), this Court will grant a timely application for discretionary appeal where the order sought to be appealed may be appealed directly.

Here, however, it appears Pritchett primarily seeks to appeal the revocation of his probation. As Pritchett notes, he is required to file an application for discretionary appeal in order to appeal such an order. See OCGA § 5-6-35 (a) (5). But a trial court has no authority to grant an out-of-time application for discretionary appeal.[2] See

---

[1] Pritchett's pro se pleading is not entirely clear in this regard, and we have construed the pleading liberally. See *Siska v. McNeil*, 346 Ga. App. 429, 433 (2) (816 SE2d 423) (2018) ("this Court liberally construes pro se filings").

[2] In violation of this Court's rules, Pritchett failed to attach a copy of the motion filed below. See Court of Appeals Rule 31 (e) ("The applicant shall include with the application a copy of any . . . motion that led directly to the order or judgment being appealed[.]") We thus do not know whether Pritchett sought an out-

*Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011). Accordingly, the trial court's grant of an out-of-time appeal does not permit Pritchett to challenge the revocation of his probation. Because Pritchett did not file a discretionary application within 30 days of the revocation order, we lack jurisdiction to consider the propriety of that ruling. See OCGA § 5-6-35 (d) (application for discretionary review must be filed within 30 days of entry of the order or judgment to be appealed); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.").

Given that Pritchett has been granted an out-of-time appeal from his guilty plea, however, we hereby GRANT Pritchett's application for discretionary appeal pursuant to OCGA § 5-6-35 (j).[3] Pritchett shall have 10 days from the date of this order to file a notice of appeal in the superior court, if he has not already done so. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.

If, upon the docketing of the appeal, it becomes apparent that Pritchett only seeks to challenge the revocation of his probation, the direct appeal will be dismissed as having been improvidently granted.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  01/13/2021
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

of-time appeal from his plea or from the revocation order.

[3] "The legislature has instructed that the Appellate Practice Act shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case." *Riley v. Ga. Department of Revenue*, 295 Ga. App. 656, 657 (673 SE2d 49) (2009).