# Court of Appeals
# of the State of Georgia

ATLANTA,  March 11, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1029.  WILKES WOLFE v. THE STATE.**

Wilkes Wolfe entered a guilty plea to voluntary manslaughter in August 2015. In February 2021, Wolfe filed a pro se motion for leave to file an out-of-time appeal, which the trial court granted on May 3, 2021. At the conclusion of the hearing on the motion, the court informed Wolfe that he would receive a court-appointed lawyer for his appeal. On July 19, 2021, the court appointed counsel to represent Wolfe "in connection with his motion to modify sentence." On August 19, 2021, the court entered an amended order, explaining that the reference to the motion to modify sentence in the July 19 order was a clerical error, and clarifying that it was appointing counsel to represent Wolfe only in connection with his out-of-time appeal. On August 27, 2021, counsel filed a notice of appeal from Wolfe's guilty plea and sentence. Wolfe then informed counsel that he wanted to proceed pro se on appeal, and the court entered an order permitting counsel to withdraw on December 1, 2021. Wolfe filed a pro se notice of appeal on December 3, 2021. We, however, lack jurisdiction.

A defendant granted an out-of-time appeal by the trial court has 30 days from the grant of the motion to file a notice of appeal. See *Carr v. State*, 281 Ga. 43, 44 (635 SE2d 767) (2006); *Rowland v. State*, 264 Ga. 872, 876 (2) (452 SE2d 756) (1995). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland*, 264 Ga. at 872 (1). The notice of appeal filed by counsel is untimely, as it was filed 116 days after entry of the order granting the motion for an out-of-time appeal. Wolfe's pro se notice of appeal is also untimely, as it was filed 214 days after the entry of the order granting the motion for an out-of-time appeal. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.

To the extent Wolfe's right to timely seek appellate review was frustrated due to a trial court error, his remedy is to petition the trial court to vacate and re-enter the order at issue in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684, n. 3 (777 SE2d 475) (2015).



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,    03/11/2022_____*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*