# Court of Appeals
# of the State of Georgia

ATLANTA, __May 01, 2026__

*The Court of Appeals hereby passes the following order:*

## A26D0475. DWAYNE COTTON v. THE STATE.

After entering a guilty plea, Dwayne Cotton filed a motion for an out-of-time appeal. The trial court denied the motion and Cotton appealed. We held that the trial court should have dismissed the motion for an out-of-time appeal rather than denying it pursuant to *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022). Case No. A22A1105 (April 14, 2022). On September 6, 2023, the trial court dismissed the underlying motion for an out of time appeal pursuant to this Court's decision and *Cook*. On April 13, 2026, Cotton filed an application for discretionary appeal of this Court's April 14, 2022 order. However, any challenge in this Court to its April 14, 2022 order would have had to have been brought through a motion for reconsideration and is untimely. See Court of Appeals Rule 37(b).

Construing Cotton's pro-se pleading liberally, it appears that he is asking this Court to grant him permission to pursue an out-of-time appeal pursuant to OCGA § 5-6-39.1. See *Siska v. McNeil*, 346 Ga. App. 429, 433(2) (816 SE2d 423) (2018) ("this Court liberally construes pro se filings"). This Court does not have jurisdiction to grant this request.

In *Cook*, the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought through habeas corpus. 313 Ga. at 506(5). In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025, and allows for relief for defendants seeking an out-of-time motion for new trial or notice of appeal who can make certain showings. The statute, in relevant part, provides:

In a criminal case, after a judgment of conviction, a defendant whose motion seeking an out-of-time motion for new trial or notice of appeal or whose granted out-of-time motion for new trial or notice of appeal was dismissed based upon the Supreme Court's decision in *Cook v. State*, 313 Ga. 471 (2022), and its progeny, shall have the right to move for leave to file an out-of-time motion for new trial or notice of appeal until June 30, 2026 pursuant to subsection (a) of this Code section. Any filing made pursuant to this subsection shall not be subject to the 100-day time limitation in subsection (a) of this Code section.

OCGA § 5-6-39.1(b).

OCGA § 5-6-39.1(b) does not apply to this application for discretionary review because Cotton did not move post-*Cook* in the trial court for leave to file an out-of-time appeal. See *Carr v. State*, 281 Ga. 43, 44(1) (635 SE2d 767) (2006) (an out-of-time appeal may not be sought directly from an appellate court; instead, a motion seeking an out-of-time appeal must be filed in the trial court, and the denial of any such motion may be appealed).

Thus, Cotton's application is DISMISSED. Cotton shall have the right to file a motion for an out-of-time appeal until June 30, 2026 in the superior court, pursuant to OCGA § 5-6-39.1(a), and any such motion shall not be subject to the 100-day time limitation in OCGA § 5-6-39.1(a). See OCGA § 5-6-39.1(b).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  05/01/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*